Per Curiam.

This was an appeal from the judge of probate ; the executor’s accounts had been referred to an auditor, and several questions arose upon the auditor’s report.
One question was, whether before the auditor, the executor could offer himself as a witness generally to his accounts and to the items and particulars of them. The Court are of opm *171 ¡on, that he could not be considered as a competent witness before the auditor. Like other accountants, he is bound to account on oath, that is, to make oath to the truth and correctness of his account. And he is also bound to answer all such specific interrogatories as may be put to him by the other party, touching the subject matter of the account; and the other party is at liberty to read his answers in evidence, or not; but if he does offer them, the accountant is entitled to have the whole read and taken together. This decision however is not to interfere with a rule established by long usage in the probate courts, to allow executors and other accountants to support small cash charges, not exceeding forty shillings, by their own oath ; nor will it affect the rule of evidence, established by the ancient usage of this State, to allow a party, in certain cases, to offer his own books of entry in evidence, supported by his suppletory oath.
For the purpose of explaining a particular item the report is recommitted.
Sampson for the appellant.
Kingsbury for the appellee.